COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





MANUEL BARRERA,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-02-00486-CR

Appeal from the

171st Judicial District Court
of El Paso County, Texas 

(TC# 20000D05059)





MEMORANDUM OPINION

            Manuel Barrera appeals his deferred adjudication for two counts of organized criminal
activity. Appellant waived his right to a jury trial and entered a plea of guilty. The trial court
sentenced Appellant to four years deferred adjudication pursuant to a plea agreement. 
I. PROCEDURAL HISTORY
            Appellant was indicted on two counts of organized criminal activity on October 31, 2000.


 
Appellant filed an entry of appearance on December 8, 2000. Then, on June 18, 2002, he filed a
motion to dismiss due to expiration of statute of limitations. Appellant waived his right to jury trial
and pled guilty on October 2, 2002. Appellant was given four years deferred adjudication probation
and ordered to pay $5,000 in restitution. Then, this appeal ensued. 
II. DISCUSSION
            In his sole point of error, Appellant argued that the trial court erred in denying his speedy trial
claim. The right to a speedy trial is guaranteed by the Sixth Amendment to the United States
Constitution as applied to the states through the Fourteenth Amendment. Barker v. Wingo, 407 U.S.
514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972); Ramirez v. State, 897 S.W.2d 428, 431
(Tex.App.--El Paso 1995, no pet.). When analyzing a trial court’s decision to grant or deny a speedy
trial claim, a reviewing court must balance four factors: (1) the length of the delay; (2) the reason for
the delay; (3) whether the defendant asserted his speedy trial rights; and (4) any resulting prejudice
to the defendant. Barker, 407 U.S. at 530, 92 S.Ct. at 2191; Emery v. State, 881 S.W.2d 702, 708
(Tex.Crim.App. 1994), cert. denied, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995). None
of the four factors alone is a necessary or sufficient condition to finding a deprivation of the right to
a speedy trial. Barker, 407 U.S. at 533, 92 S.Ct. at 2193. 
            We apply a bifurcated standard of review: an abuse of discretion standard for the factual
components, and a de novo standard for the legal components. Zamorano v. State, 84 S.W.3d 643,
648 (Tex.Crim.App. 2002). This means that we independently weigh and balance the Barker factors,
but we presume the trial court resolved any disputed fact issues in a manner that supports its ruling. 
See id.; State v. Munoz, 991 S.W.2d 818, 821 (Tex.Crim.App. 1999).
            The State argued that Appellant failed to preserve his speedy trial error for appeal by failing
to seek a speedy trial in the trial court. We agree. 
            As a prerequisite to presenting a complaint for appellate review, the record must show that
the complaint was made in the trial court by a timely request, objection, or motion stating the
grounds for the ruling sought by the complaining party. Tex.R.App.P. 33.1(a). A complaint that a
defendant has not received a speedy trial must be raised in the trial court in order to preserve error. 
Mulder v. State, 707 S.W.2d 908, 914-15 (Tex.Crim.App. 1986); Johnson v. State, 901 S.W.2d 525,
529-30 (Tex.App.--El Paso 1995, pet. ref’d). Here, there is no evidence in the record that Appellant
asserted his right to a speedy trial by filing a motion in the trial court.


 Therefore, we find that the
Appellant failed to preserve his speedy trial complaint for appeal. Accordingly, Appellant’s sole
point of error on appeal is dismissed.


October 21, 2004                                                  
                                                                                     RICHARD BARAJAS, Chief Justice

Before Panel No. 2
Barajas, C.J., McClure and Chew, JJ.

(Do Not Publish)